■ ALICE M. KARKER, Respondent, v. EARL D. KARKER, Appellant.— Appeal by defendant from an order of the Supreme Court at Special Term entered in Schenectady County, which awarded temporary alimony to the plaintiff in the sum of $25 per week during the pendency of the action, payable at the office of plaintiff's attorney, and also awarded $300 counsel

fees to plaintiff. This is a divorce action, commenced on March 15, 1956. There is some question whether or not a complaint was served with the summons, and we note there is no complaint in the record. The moving papers consist only of the affidavits of the respective parties. Plaintiff's affidavit asserts: "Some time ago, I learned that prior to September 1st, 1955, the defendant had cohabited with another woman ostensibly not his wife and that he had committed adultery with said woman to me unknown during the said period at various places." There is no supporting affidavit of any kind, and this hearsay statement of the plaintiff is the only allegation of adultery in the record. This deficiency of any showing of probable success required a denial of a motion for temporary alimony and counsel fees. (*Burgwinkel* v. *Burgwinkel*, 269 App. Div. 943.) Moreover, even upon discretionary grounds the motion should have been denied. It appears without factual dispute that defendant earns $1,400 a year as a civil defense worker, plus approximately $10 to $15 per week from other intermittent employment, totaling about $40 per week. Pursuant to an order of the Children's Court of Schenectady County, entered without opposition from the defendant, he has been and is paying through that court, the sum of $25 per week for the support of his two children. The plaintiff is living in a house owned jointly by the parties, and earns $50 per week. There apparently has been no move by plaintiff to bring the case on for trial. In such circumstances temporary alimony to plaintiff and counsel fees should not have been granted. Order reversed on the law and in the exercise of discretion, without costs, and the motion denied, without costs, without prejudice to the renewal thereof before the trial court when the action is moved and reached for trial. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.